IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STANLEY MACK GARDNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0224 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the execution of his sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for writ of habeas corpus be DISMISSED.

I.
PROCEDURAL HISTORY

It appears that on March 22, 2005, petitioner committed the offense of unauthorized use of a motor vehicle (UUMV). On March 28, 2005, a complaint charging petitioner with the UUMV offense was filed. *See State v. Gardner*, No. 50,660-E. Petitioner was arrested for the offense some time in March 2005 and remained in county jail on the charged offense until he made bond in June 2005.

It appears that on August 11, 2005, while on bond, petitioner committed a second UUMV offense. Petitioner was arrested the same date as the offense, and a motion to forfeit his bond in Cause No. 50,660-E was filed. A complaint charging petitioner with this second UUMV offense was filed on August 16, 2005. *State v. Gardner*, No. 51,392-E. On September 27, 2005, petitioner's bond in Cause No. 50,660-E was forfeited. On October 31, 2005, petitioner was convicted of both UUMV offenses and assessed a 2-year sentence in each case, such sentences to run concurrently. In the pertinent judgments, the state trial judge purportedly gave petitioner credit for time served on each offense. Current State Jail Timeslips indicate petitioner will discharge his 2-year sentence in Cause No. 50,660-E on May 11, 2007, and his 2-year sentence in Cause No. 51,392-E on August 10, 2007.

By his habeas application, petitioner challenges respondent's failure to credit his 2-year sentence in Cause No. 51,392-E, the case charging the second UUMV offense, with flat time for all of the time he spent in county jail prior to his October 31, 2005 convictions. Specifically, petitioner contends both sentences should be credited for county jail time he served from March 2005 to June 2005 on the first UUMV offense, as well as the county jail time he served on both charged offenses from August 11, 2005 to October 31, 2005, a total of 187 days. He argues his 2-year sentence in Cause No. 51,392-E has only been credited with the time from August 11 to October 31, a total of 91 days, and has erroneously not been credited for the county jail time served from March 2005 to June 2005, a time period prior to his August 11, 2005 commission of the 2nd UUMV offense charged in Cause No. 51,392-E.

On September 15, 2006, the undersigned ordered petitioner to provide the Court with information concerning any state habeas applications he had filed raising this issue, as well as any

proceedings pursuant to the prison dispute resolution process under 501.0081. On September 22, 2006, petitioner filed a pleading wherein he again argues he should receive pre-indictment time credits for his second UUMV sentence and concludes a "nunc pro tunc order in Cause # 51,392-E will correct everything." Petitioner did not advise the Court of any state habeas proceedings or of any prison dispute resolution proceedings whereby the state courts and/or authorities have had an opportunity to address this issue.

## II.
## EXHAUSTION OF CLAIMS

As of January 1, 2000, inmates are required to "first pursue claims of denial of time credits through a dispute-resolution process within the prison system before seeking relief pursuant to TEX. CODE CRIM. PROC. § 11.07." *Sorrells v. Cockrell,* No. 4:01-CV-0324-A, 2001 WL 1148962, at *3 (N.D. Tex. Sept. 17, 2001). Specifically the Texas Government Code provides:

> §501.0081. Dispute Resolution: Time-Served Credits.
>
> (a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
>> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>>
>> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of

> release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

Petitioner has not indicated anywhere in his petition that he has sought relief through the dispute resolution process provided for under section 501.0081. Further, petitioner has not sought state habeas corpus relief through the state habeas process provided for under article 11.07 of the Texas Code of Criminal Procedure. Instead, it appears petitioner has filed, with the trial court, requests for back time, a motion for a nunc pro tunc judgment, and a motion for a writ of mandamus.

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059

(1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc.

Ann. art. 11.01 et seq. (Vernon 2005), or on direct appeal by a petition for discretionary review.

Petitioner has presented nothing herein to show the state's highest court has had an opportunity to review and determine the merits of petitioner's claims by way of state habeas corpus. Consequently, petitioner has provided nothing to show his claims presented herein have been exhausted. Accordingly, petitioner's application appears to be subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on his grounds after seeking relief through the prison dispute resolution process.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner STANLEY MACK GARDNER be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of December 2006.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).